UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JESSE NORMAN WHITE BULL,<br><br>Defendant. | 1:24-CR-10036-CBK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND ORDER DENYING MOTION TO SUPPRESS |

Defendant filed a motion to suppress statements he made to F.B.I. Special Agent Liam Hinkes on November 8, 2023, claiming his statements were involuntary. The motion came on for hearing before United States Magistrate Mark A. Moreno on June 17, 2025. Magistrate Moreno issued a bench decision along with a written report and recommendation on June 23, 2025, recommending that the motion to suppress be denied.

Defendant objected to the report and recommendation. I have conducted "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" as required by 28 U.S.C.A. § 636(b)(1). I find that Magistrate Moreno's findings and recommendations are well grounded in fact and law and should be adopted.

**DECISION**

There are no factual issues in this case. The interview was recorded. Defendant does not dispute that Agent Hinkes came to defendant's home, knocked on the door, asked to talk to the defendant, and thereafter defendant accompanied Agent Hinkes to Hinkes' vehicle. The interview lasted 37 minutes following which defendant exited the vehicle and was not arrested. There is no dispute that defendant was not in custody during the interview. The only issue in this case is whether one statement made by Agent Hinkes at the start of the interview legally constituted a false promise that overbore defendant's will, induced defendant to talk to Agent Hinkes, and rendered any statements made thereafter involuntary in violation of the Fifth Amendment to the U.S. Constitution.

The United States Court of Appeals for the Eighth Circuit has instructed:

> In a non-custodial interview, a statement is involuntary when, based on the totality of the circumstances, it was extracted by threats, violence, or express or implied promises sufficient to overbear the defendant's will and critically impair his capacity for self-determination. To determine whether a statement was involuntary, the court must look at the conduct of the officers and the characteristics of the accused. The government must prove by a preponderance of the evidence that a challenged statement was voluntary.

United States v. Evers, 720 F. App'x 322, 324 (8th Cir. 2018) (cleaned up) (*quoting* United States v. LeBrun, 363 F.3d 715, 724 (8th Cir. 2004)). The claimed promise in this case that defendant asserts overbore his will and rendered his statements involuntary was Agent Hinkes' statement that "nobody's in trouble." Specifically, the recorded interview began with the following:

Agent:      So, Jesse, again, my name's Liam, I'm a special agent with the FBI. These are my credentials, so you know who I am. And the reason I'm here to talk to you today is about [alleged victim].

Defendant:  [Alleged victim].

Agent:      [Alleged victim], excuse me, and a report we received concerning her, **just so you know, nobody's in trouble, you don't have to talk to me if you don't want to and you're free to leave at any time** {unintelligible}nobody's locked here in the vehicle or anything so you do not have to talk me if there's something we talk about that you don't want to talk about anymore you just tell me and we'll stop talking about it. So just to start, can you spell your full name for me.

There is nothing in the record to show that defendant was nervous or unsure about whether he should engage in the interview or that defendant was in any way not competent to voluntarily make statements to Agent Hinkes. It is clear from the totality of the interview that the alleged victim once lived with the defendant, was removed from defendant's home approximately two months prior to the interview, and that defendant knew that the alleged victim claimed defendant had improperly touched her. This was not a case of ambush about allegations defendant was not aware of or that arose out of

alleged conduct that was remote in time to the interview. Agent Hinkes' statement that "nobody's in trouble" does not, taking into account the totality of the circumstances, constitute an express or implied promise sufficient to overbear the defendant's will and critically impair his capacity for self-determination.

Based upon the foregoing,

IT IS ORDERED:

1. The report and recommendation, Doc. 63, is adopted.

2. Defendant's motion, Doc. 36, to suppress is denied.

3. Defendant's objections, Doc. 77, to the report and recommendation are rejected.

DATED this 26th day of June, 2025.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge