## UNITED STATES DISTRICT COURT
## MEMORANDUM

Date:  June 26, 2025
To:    Counsel
From   Judge Kornmann
Re:    U.S. v. White Bull, 24-cr-10036

    This will provide you with guidance as to how I plan to rule on the record just before jury selection.

    I have granted the request for a subpoena duces tecum with the records as to the alleged victim to be provided to the court for an in camera review as to proper relevancy and admissibility. I should have that material by July 1. I will advise you further.

    As to the motion in limine (Doc. 71) filed by the defendant, I will grant parts 1, 2, and 3. I will deny parts 4 and 5. I have no I idea whether the government is claiming the defendant caused emotional or behavioral problems of the alleged victim. I doubt it.

    As sto the motion in limine (Doc. 73) filed by the government, I will grant parts 1, 2, 3, 4, 5, and 6. It remains to be seen as to what I will do with parts 7 and 8. I will deny part 9 although I will carefully watch any questions in that area as "going too far" and being excludable under Rules 403 and 404.

    As to Doc. 74, the motion in limine will be granted as to parts 1, 2, 5 and 6. There is nothing that I know of to even indicate repeated or excessive interviews of the alleged victim. The alleged victim can make numerous accusations of the defendant's conduct to others without any violation of the rights of the defendant. No references shall be made to any studies or opinions as to the parts to which I have made reference. I will wait to see what possible therapy effects there may be.

    As to Doc. 76, the motion to introduce so-called impeachment evidence, that motion will be denied. We are not conducting mini-trials as to whether any past accusations made by the alleged victim are true or false. The alleged victim is not on trial and I do not permit character attacks of this type. No witness will be allowed to testify to the effect that she or he did not sexually abuse the alleged victim or have any sexual interaction with the alleged victim, thus thus seeking to set up a straw man. This evidence is prohibited by Rules 403, 404 and 412.

    There will be no evidence of any kind of specific acts of untruthfulness by the alleged victim. Of course, evidence of reputation within the community is allowed but no witness shall even suggest as to what his or her opinion is as to the truthfulness of the alleged victim.

    There will be no evidence and no testimony about memory or misattribution theories or studies. The alleged abuse here was reported in close proximity to the alleged abuse and after school had resumed so that the alleged victim had access to a school counselor. The jury will need no assistance as to memories of any witness. Mr. Albright suggests in Doc. 82 that his expert will testify about the "reliability" of the alleged victim's memory. He will absolutely not testify as to any such matter or even suggest that her memory may not be reliable. As counsel know, I always instruct the jury on what witnesses remember and say.

    I do not think any of these matters are Daubert issues but, in any event, I have carefully considered the requirements of Daubert and the new version of Rule 702.

*[signature]*

CHARLES B. KORNMANN
UNITED STATES DISTRICT JUDGE
United States Courthouse
102 4th Ave. SE, Suite 408
Aberdeen, S.D. 57401
605-377-2600

Clerk's file
Susan Margolies